IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERSHELL STEWART | § | |
| (TDCJ No. 1991286), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1111-D-BN |
| | § | |
| DALLAS COUNTY SHERIFF DEP'T | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that this case be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## Background

Plaintiff Hershell Stewart, then an inmate at the Dallas County Jail, signed a complaint pursuant to 42 U.S.C. § 1983 [Dkt. No. 1] and motion to proceed *in forma pauperis* ("IFP") [Dkt. No. 2] on April 7, 2015, which were docketed by the Court on April 13, 2015. The next day, Plaintiff was granted leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and the Court issued a questionnaire to allow Plaintiff an opportunity to address a deficiency in his complaint and to develop the factual basis for his complaint, *see* Dkt. No. 6. The Court docketed Plaintiff's responses on May 12, 2015.

*See* Dkt. No. 7.

Through his complaint, Plaintiff alleges that his civil rights have been violated by the Dallas County Sheriff's Department because that entity exposed him to physical harm and placed his life in imminent danger. *See* Dkt. No. 1 at 3. Plaintiff explains that, in November 2014, an inmate named Carroll threatened his life, a threat Plaintiff reported to staff at the jail, who removed Carroll from the tank. *See id.* at 4. When Carroll was placed in a tank across from Plaintiff in February 2015, Plaintiff states he filed a grievance, realleging Carroll's previous threat to Plaintiff. *See id.* On March 1, 2015, Carroll threatened to break Plaintiff's jaw, which prompted Plaintiff to write another grievance. *See id.* Then, on March 25, 2015, Carroll came into the same space as Plaintiff, threatened to kill Plaintiff, and hit Plaintiff in the face, knocking out a tooth and causing Plaintiff to hit his head on the door. *See id.*

Although through his complaint Plaintiff alleges that the Dallas County Sheriff is responsible for his injuries, *see id.* at 4-5, in response to the Court's questionnaire informing Plaintiff that the Dallas County Sheriff "is a non-jural entity that cannot be sued for civil rights violations under 42 U.S.C. § 1983" and requesting that Plaintiff

> [l]ist person or entity that you claim violated your civil rights and state each and every action taken by the following persons or entities that you claim violated your civil rights, giving specific names and facts such as date, time, place, who was present, the events leading up to the incident, and what happened afterward,

Dkt. No. 6 at 6, Plaintiff responded, in full: "Jeffrey Carroll." Dkt. No. 7 at 6.

Plaintiff has further identified Carroll as "an inmate" and the only person or entity whom he wishes to name as a defendant, under a theory of "bodily harm." *Id.* at

7; *see also id.* at 3 (asked to "identify the defendant(s) responsible," Plaintiff responded: "he is about 6 feet 4 inch, Black male, 300 pounds, his name is Jeffrey Carroll").

The undersigned now determines that this case should be dismissed under Sections 1915(e)(2)(B) and 1915A(b).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Similarly, a district court is required to screen a civil action brought by a prisoner – whether he or she is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee, *id.*, § 1915A(a), (c), and must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is

grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed, the pleadings here include Plaintiff's responses to the Court's questionnaire, *see* Dkt. No. 7, which "become part of a plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

Through the use of questionnaires – approved "to aid in the determination of whether an IFP complaint is frivolous," *id.* (citing *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke*, 490 U.S. at 324); *see also Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976) – a court is able to "focus[] precisely on a prisoner's factual allegations, puncturing the conclusion balloon in which they may at first be lodged." *Talib*, 138 F.3d at 213 (quoting *Spears*, 766 F.2d at 181); *see also Stevenson v. Dallas Cnty. Sheriff Dep't*, No. 3:14-cv-1358-P-BN, 2014 WL 5483003 (N.D. Tex. Sept. 30, 2014), *rec. adopted*, 2014 WL 5493254 (N.D. Tex. Oct. 30, 2014) (in which plaintiff's questionnaire responses "made it clear ... that there was no physical injury," which in turn required dismissal of his complaint under 42 U.S.C. § 1997e(e));

*Coker v. Elerick*, No. 3:04-cv-2381-B, 2005 WL 241215, at *1 (N.D. Tex. Jan. 31, 2005), *rec. adopted*, 2005 WL 415682 (N.D. Tex. Feb. 18, 2005) ("The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint." (citing *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994); *Watson*, 525 F.2d at 892-93)); *cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Plaintiff's complaint should be summarily dismissed. The only defendant named in the complaint as filed is not a jural entity subject to suit under Section 1983. *See, e.g., Johnson v. Dallas Cnty. Sheriff Dep't*, Civil Action No. 3:08-cv-423-G, 2008 WL 2378269, at *3 (N.D. Tex. June 6, 2008) ("The Dallas County Sheriff's Department is not a jural entity that can be sued." (citing *Magnett v. Dallas Cnty. Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan.20, 1998))); *accord Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (absent authorization by a Texas city, a plaintiff "no more can proceed against [its] police department alone than [he] could against the accounting department of a corporation").

The Court therefore issued a questionnaire to alert Plaintiff to this issue and allow him an opportunity to amend his complaint. *See, e.g., Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro*

*se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)). Through that response, amending his complaint, Plaintiff makes it very clear that the only defendant he wishes to name is the inmate he alleges assaulted him. But

> to state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has alleged no facts to support a claim that a fellow inmate's assaultive conduct against him may be attributable to the State. He therefore fails to state a plausible claim against this defendant.

*Hester v. Dallas Cnty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) (citation omitted and some internal citations modified); *see also Clary v. Roque*, No. H-09-3373, 2009 WL 3386398, at *1 (S.D. Tex. Oct. 20, 2009) ("Plaintiff states no cognizable section 1983 claim against the other inmate, as the inmate is not a state actor." (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996))).

### Recommendation

The complaint should be summarily dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 20, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE